RECEIVED

2010 JUN 16 PM 2:02

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORPORATE TRADING, INC.,
a Virginia corporation doing business
as GLOBAL JET SALES,

Plaintiff,

vs. CASE NO. 8:10CV1355-T30 EAJ

JET SALES OF STUART, LLC,
A Delaware limited liability company;
MEISNER AIRCRAFT, INC.,
a Wisconsin corporation;
SORVEN AVIATION LTD;
A United Kingdom limited company, and
INTERNATIONAL AVIATION LLC,
an Illinois limited liability company;

Defendants.
_______________________________________/

**COMPLAINT**

The Plaintiff, CORPORATE TRADING, INC., a corporation doing business as GLOBAL JET SALES ("CTI"), by and through undersigned counsel, hereby files this Complaint against the Defendants, JET SALES OF STUART, LLC ("JET SALES"), MEISNER AIRCRAFT, INC. ("MEISNER AIRCRAFT"), SORVEN AVIATION LTD ("SORVEN AVIATION"), and INTERNATIONAL AVIATION LLC ("INTERNATIONAL AVIATION"); and respectfully states as follows:

1. This is an action for damages arising from fraud in the inducement and violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), each in excess of $75,000.00; an action in the alternative for unjust enrichment in excess of $75,000.00; and an action for lien foreclosure.

558834

IØ
$350

2. CTI is a Virginia corporation doing business as an aircraft broker/dealer in Pinellas County, Florida with its principal place of business and residency in St. Petersburg, Florida.

3. JET SALES is a Delaware limited liability company doing business as an aircraft broker in Pinellas County, Florida with its principal place of business and residency in Stuart, Florida.

4. MEISNER AIRCRAFT is a Wisconsin corporation doing business as an aircraft broker in Pinellas County, Florida with its principal place of business and residency in Burlington, Wisconsin.

5. SORVEN AIRCRAFT is a United Kingdom limited company doing business in Pinellas County, Florida with its principal place of business and residency in Broadway, United Kingdom. SORVEN is the owner of the following aircraft:

| | |
|---|---|
| Serial No: | 132 |
| Manufacturer: | DASSAULT AVIATION |
| Model: | FALCON 900EX |
| Reg. No.: | G-JPSX (the "Sale Aircraft"). |

6. INTERNATIONAL AVIATION is an Illinois limited liability company doing business as an aircraft owner in Pinellas County, Florida with its principal place of business and residency in Schaumburg, Illinois. INTERNATIONAL AVIATION is the owner of the following aircraft:

| | |
|---|---|
| Serial No: | 8 |
| Manufacturer: | DASSAULT AVIATION |
| Model: | FALCON 50 |
| Reg. No.: | N550CL (the "Trade Aircraft"). |

7. At all times material hereto, Defendants operated, conducted, engaged in, and/or carried on a business or business venture in Pinellas County, Florida, and the matters alleged

herein arose out of transactions and dealings connected with or incidental to such business or business venture.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

9. Venue is proper in this Court as the causes of action accrued in Pinellas County, Florida and payments were to be made to CTI in Pinellas County, Florida.

10. Each of the Defendants is a non-resident and/or is concealing its whereabouts and thus has appointed of the Florida Secretary of State as their agent on whom all process in any action or proceeding against arising out of any transaction or operation connected with or incidental to the business or business venture and thus may be served pursuant to F.S. §§ 48.161 and 48.181.

11. As is customary in the aircraft broker industry, aircraft brokers are granted commissions based on the specific aircraft, buyer, seller, or information that the broker "brings to the deal". Further, an aircraft broker customarily sends "email blitzes" to recruit aircraft owners for listings and broker services.

12. JET SALES and MEISNER AIRCRAFT serve as the aircraft broker for INTERNATIONAL AVIATION and the Trade Aircraft.

13. CTI serves as the aircraft broker for SORVEN AVIATION and the Sale Aircraft.

14. By virtue of these broker/agency relationships, INTERNATIONAL AVIATION and SORVEN AVIATION are doing business in Pinellas County, Florida.

15. On February 23, 2010, CTI sent an email blitz at 9:33:31 a.m. EST marketing its services as a broker for owners who wish to sell their Falcon 900EX/Easy aircraft. On this same date at 10:49:56 a.m. EST Mr. Barry Johnson on behalf of Executive Jet Charter Ltd representing SORVEN AVIATION viewed CTI's email blitz. On this same date Mr. Barry Johnson called Mr. Alexander Janas of CTI requesting that CTI be an aircraft broker for the Sale Aircraft. On this same date, at 9:56 a.m. EST, Mr. Barry Johnson sent an email to Mr. Alexander Janas of CTI containing information and details regarding the Sale Aircraft.

16. On May 17, 2010, Mr. Brent Martin of JET SALES called Mr. Alexander Janas of CTI seeking a Falcon 900EX/Easy for INTERNATIONAL AVIATION. In response, on this date Mr. Alexander Janas emailed Mr. Brent Martin pictures and specifications for the Sale Aircraft. On this date, Mr. Dennis Martin of JET SALES called Mr. Patrick Janas of CTI claiming that INTERNATIONAL AVIATION may make an offer on the Sale Aircraft. On this date, Mr. Gary Meisner of MEISNER AIRCRAFT called Mr. Patrick Janas of CTI to explain that MEISNER AIRCRAFT is working with JET SALES in order consummate a transaction whereby INTERNATIONAL AVIATION's Trade Aircraft will be traded for SORVEN AVIATION's Sale Aircraft. CTI agreed to the transaction, CTI agreed to provide financing for the Trade Aircraft and CTI, MEISNER AIRCRAFT, and JET SALES agreed to split the profits three ways (the "Transaction"). It is estimated that the profits on the Transaction would be $1,500,000.00, entitling each broker to $500,000.00.

17. Upon information and belief, between May 17, 2010 and May 25, 2010 INTERNATIONAL AVIATION and SORVEN AVIATION agreed to the aircraft trade as set forth in the Transaction.

18. On May 25, 2010, Mr. Barry Johnson called Mr. Alexander Janas of CTI to advise that a visual inspection was being done on the Sale Aircraft. On this same date Mr. Gary Meisner of MEISNER AIRCRAFT called Mr. Patrick Janas of CTI to advise that JET SALES had previously learned of the Sale Aircraft through a prior email blitz before to learning of the Sale Aircraft from CTI. However, on this date, Gary Meisner of MEISNER AIRCRAFT indicated to Mr. Pat Janas of CTI that CTI would still receive $100,000.00 as a commission from the Transaction. Mr. Pat Janas assumed that the allegation of a prior email blitz was true and thereafter agreed that, instead of sharing in the profits in the Transaction; CTI would be paid $100,000.00 ("Commission Agreement").

19. On May 26, 2010, Mr. Brent Martin of JET SALES confirmed to Mr. Alexander Janas of CTI that Mr. Gary Meisner of MEISNER AIRCRAFT had already learned of the Sale Aircraft through an email blitz sent from JET SALES prior to CTI's involvement.

20. On June 2, 2010, Mr. Alexander Janas of CTI sent an email to Mr. Barry Johnson requesting that Mr. Johnson advise CTI of the status of the Transaction.

21. On June 2, 2010, CTI became concerned that JET SALES and MEISNER AIRCRAFT are lying about the learning of the Sale Aircraft through a prior email blitz rather than through CTI in order to deny CTI its rightful participation in the Transaction.

22. On June 3, 2010, Mr. Patrick Janas of CTI sent an email to Mr. Dennis Martin of JET SALES requesting a copy of the email blitz through which the Sale Aircraft was offered to JET SALES or MEISNER AIRCRAFT. Neither JET SALES nor MEISNER AIRCRAFT has responded with evidence of the actual alleged email blitz, which demonstrates there was no email blitz prior to CTI's involvement. Thus JET SALES and MEISNER AIRCRAFT are lying

in order to deny CTI its rightful commission in the Transaction and to induce CTI to enter into the Commission Agreement.

23. All conditions precedent to the commencement of this action has been performed, have occurred, or have been waived.

24. CTI has retained the undersigned attorneys to prosecute this action and has agreed to pay a reasonable fee.

**COUNT I**
**FRAUD IN THE INDUCEMENT**
**(JET SALES, MEISNER AIRCRAFT, AND INTERNATIONAL AVIATION)**

25. CTI re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. As set forth earlier, through emails and conversations made to CTI in Pinellas County, Florida, Defendants, JET SALES and MEISNER AIRCRAFT, on behalf themselves and as the broker/agent for INTERNATIONAL AVIATION, made in substance to CTI, the following material representations in order to induce CTI to provide information about the Sale Aircraft:

a. "We already sent an email blitz and thus we knew about the Falcon 900EX/Easy that CTI brought to the transaction"; and

b. "CTI will be paid a commission of $100,000.00 once the transaction is closed."

27. JET SALES and MEISNER AIRCRAFT omitted to state the following material facts which were necessary in order to make the foregoing representations, in light of the circumstances under which they were made, not misleading:

a. That JET SALES and MEISNER AIRCRAFT did not learn about the Falcon 900EX/Easy prior to CTI's involvement, there was no prior email blitz, and thus JET SALES and MEISNER AIRCRAFT were lying; and

b. JET SALES and MEISNER AIRCRAFT never intended for CTI to participate in the transaction;

c. JET SALES and MEISNER AIRCRAFT never intended for CTI to receive a commission of $100,000.00 under the Commission Agreement.

d. That JET SALES and MEISNER AIRCRAFT intended to use the information provided by CTI about the Sale Aircraft and then later deny CTI its rightful participation in the Transaction and payment under the Commission Agreement.

28. Each of the representations described above was false when made and JET SALES and MEISNER AIRCRAFT intentionally, fraudulently, maliciously and willfully made the false representations, and they concealed the material facts described above, with the intent, design and purpose to deceive and to defraud CTI and to induce CTI to provide information about the Sale Aircraft and to enter into the Commission Agreement.

29. JET SALES and MEISNER AIRCRAFT knew that each of the representations was false at the time it was made and knew that they were concealing material facts from CTI. Thus, JET SALES and MEISNER AIRCRAFT had no present intention of complying with its specific promises made in connection therewith.

30. CTI was ignorant of the falsity of the representations described in above and believed them to be true, and CTI did not have an opportunity equal to that of JET SALES and MEISNER AIRCRAFT to become apprised of the material facts described above.

31. In justifiable and reasonable reliance upon JET SALES and MEISNER AIRCRAFT's false representations, and without knowledge of the material facts omitted by JET SALES and MEISNER AIRCRAFT, CTI provided information about the Sale Aircraft and CTI agreed to the Commission Agreement.

32. CTI would not have provided the information on the Sale Aircraft nor would it have entered into the Commission Agreement, except for CTI's reliance on the representations described above and CTI's ignorance of the material facts described above.

33. As a direct and proximate result of CTI's reliance upon JET SALES and MEISNER AIRCRAFT's false representations, and as a further result of CTI's ignorance of JET SALES and MEISNER AIRCRAFT omissions of material facts, CTI has sustained damages.

WHEREFORE, CTI demands judgment against JET SALES, MEISNER AIRCRAFT, and INTERNATIONAL AVIATION, jointly and severally, for damages of $500,000.00 with respect to the Transaction, $100,000.00 with respect to the Commission Agreement, prejudgment and post-judgment interest, treble damages and attorneys' fees/costs pursuant to F.S. § 686.201, and such further relief as is just, equitable, and proper.

**COUNT II**
**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(JET SALES, MEISNER AIRCRAFT, AND INTERNATIONAL AVIATION)**

34. CTI re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. The actions of JET SALES and MEISNER AIRCRAFT, on behalf themselves and as the broker/agent for INTERNATIONAL AVIATION, constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of a trade or commerce. Further, these actions offend public policy and are immoral, unethical, oppressive, unscrupulous, and are substantially injurious.

36. The actions are therefore unlawful under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), F.S. §§ 501.201-.213.

37. CTI has suffered a loss as a result of a violation of FDUTPA.

WHEREFORE, CTI demands judgment against JET SALES, MEISNER AIRCRAFT, and INTERNATIONAL AVIATION, jointly and severally, for damages of $500,000.00 with respect to the Transaction, $100,000.00 with respect to the Commission Agreement, with prejudgment and post-judgment interest, and attorneys' fees/costs under F.S. §§ 501.201-.213, and such further relief as is just, equitable, and proper.

**COUNT III**
**UNJUST ENRICHMENT**
**(JET SALES, MEISNER AIRCRAFT, INTERNATIONAL AVIATION AND SORVEN AVIATION)**

38. CTI, in the alternative, re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. A benefit was conferred upon Defendants, JET SALES, MEISNER AIRCRAFT, INTERNATIONAL AVIATION and SORVEN AVIATION, by CTI in the amount of $500,000.00 with respect to the Transaction and $100,000.00 with respect to the Commission Agreement for the value of the services provided.

40. This benefit was appreciated by Defendants, JET SALES, MEISNER AIRCRAFT, INTERNATIONAL AVIATION and SORVEN AVIATION, in that these Defendants accepted the services rendered without objection.

41. The acceptance and retention of such benefit by these Defendants are such that it would be inequitable for these Defendants to retain this benefit without paying the value thereof.

42. These Defendants have been unjustly enriched in the amount of $500,000.00 with respect to the Transaction and $100,000.00 with respect to the Commission Agreement

WHEREFORE, Plaintiff demands judgment against Defendants, JET SALES, MEISNER AIRCRAFT, INTERNATIONAL AVIATION and SORVEN AVIATION, jointly and severally, for the reasonable value of the services ($500,000.00 with respect to the Transaction snf $100,000.00 with respect to the Commission Agreement) and, in addition, interest, costs, and any such further relief as is just, equitable and proper.

**COUNT IV**
**LIEN FORECLOSURE**
**(SORVEN AVIATION AND INTERNATIONAL AVIATION)**

43. CTI re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. This is an action to foreclose equitable liens under Florida common law.

45. Plaintiff furnished services that have been accepted by Defendants, SORVEN AVIATION and INTERNATIONAL AVIATION, directly facilitating the Transaction involving the Sale Aircraft and the Trade Aircraft which has directly benefited these Defendants, the Sale Aircraft, and the Trade Aircraft.

46. Defendants, SORVEN AVIATION and INTERNATIONAL AVIATION, are indebted to the Plaintiff for the services performed.

47. CTI is without a remedy at law and is thus entitled to enforce a claim of lien in equity under Florida common law for all sums due related to the Transaction.

WHEREFORE, CTI demands judgment be entered against Defendants, SORVEN AVIATION and INTERNATIONAL AVIATION, determining that CTI possesses a valid equitable lien in the amount of damages of $500,000.00 with respect to the Transaction and $100,000.00 with respect to the Commission Agreement upon the Sale Aircraft and on the Trade Aircraft, foreclosing on CTI's liens and if the proceeds of the sale of the Sale Aircraft and Trade

Aircraft are insufficient to satisfy CTI's claims, that CTI be granted a deficiency judgment, and any such further relief as is just, equitable and proper.

Respectfully submitted,

RICHARD L. RICHARDS*
Florida Bar No. 9415
RICHARDS & ASSOCIATES
232 Andalusia Avenue, Suite 202
Coral Gables, Florida 33134
Telephone: (305) 448-2228
Facsimile: (305) 448-2229
Email: rrichards@richpa.net
*Attorneys for CORPORATE TRADING, INC.*

*Designated Trial Counsel as required by Rule 1.05(c) under the Local Rules of the United States District Court for the Middle District of Florida.